DECISION.
Defendant-appellant, Andrew M. Lohaus, appeals the judgment of the Hamilton County Municipal Court convicting him of obstructing official business in violation of R.C. 2923.31. He was convicted of the offense following a bench trial. For the following reasons, we affirm the trial court's judgment.
{¶ 10} At approximately 1:40 a.m. on October 8, 2001, Wyoming police officer Michael World was on routine patrol in uniform and in a marked cruiser. According to World, he had entered a street where there had been recent car break-ins, and he had turned off all of the cruiser's lights to remain inconspicuous. When World observed two persons crouch down near the front of a parked vehicle, he turned on the cruiser's spotlight. He stopped the cruiser, and as he exited from the vehicle, he observed the two persons run from the scene. World testified that the person later identified as Lohaus appeared to be young and therefore possibly in violation of Wyoming's curfew ordinance.
{¶ 11} Officer World repeatedly told the two to stop running, and when they did not, he pursued them. The pair separated, and World chased one of the persons across several lawns. After World caught and physically restrained the person whom he discovered to be Lohaus, he was able to effectuate an arrest. Lohaus later gave a statement indicating that he knew World was a police officer when he ran.
{¶ 12} At trial, Lohaus and his companion, John Hemmer, testified that they were taking a walk at the time in question and that Hemmer had bent down to tie his shoe as World approached them. They testified that, when they ran, they were unaware that World was a police officer, because the cruiser's spotlight had blinded them and World had not verbally identified himself as an officer.
{¶ 13} The trial court found Lohaus guilty. Lohaus now asserts, in a single assignment of error, that the conviction was erroneous. Though he does not specifically state so, the gravamen of his argument is that the conviction was based on insufficient evidence and was against the manifest weight of the evidence.
{¶ 14} In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1] To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
{¶ 15} R.C. 2921.31(A), governing obstruction of official business, provides that "[n]o person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."
{¶ 16} Lohaus first argues that World did not have a reasonable suspicion to stop or detain him and that therefore World was not hindered in his lawful duties within the meaning of R.C. 2921.31. We find no merit in this argument. An investigatory stop or detention of a person is lawful under the Fourth Amendment to the United States Constitution and under Section 14, Article I of the Ohio Constitution, where an officer has a reasonable, articulable suspicion that a person is engaging or has recently engaged in criminal activity.[3] The propriety of an investigative stop must be determined in light of all the surrounding circumstances.[4]
{¶ 17} In the instant case, World possessed a reasonable suspicion that Lohaus was engaging in criminal activity. Lohaus was crouched down near a parked vehicle in the early morning hours, and the officer testified that there had been recent vehicle break-ins in the area. Moreover, Officer World testified that Lohaus appeared youthful, and World believed that he might have been in violation of the Wyoming curfew ordinance.[5] Under the totality of the circumstances, World was justified in detaining Lohaus for investigation.
{¶ 18} Lohaus also argues that he was unaware that World was an officer at the time that he fled and that he did not purposely hinder World in the performance of his duties. The record does not support this argument. In his written statement following his arrest, Lohaus admitted that he knew World was an officer when he and Hemmer ran. Although Lohaus attempted to explain the written statement by testifying that he knew World to be an officer only in hindsight, the trial court was not required to accept that explanation. The trial court was therefore justified in holding that Lohaus had acted purposely within the meaning of the statute.
{¶ 19} Finally, Lohaus contends that mere flight from a Terry stop does not constitute the offense of obstructing official business. In support of this argument, he cites State v. Gillenwater.[6] InGillenwater, the Fourth Appellate District held that "mere flight from a request for a Terry stop" was not a violation of R.C. 2921.23. We do not find Gillenwater to be compelling authority. Under the plain language of the statute, an act that hampers an officer in the performance of his lawful duties is a violation of the statute. Where an officer is justified in making a Terry stop, such a detention is without question within the purview of the officer's "lawful duties" under R.C. 2921.23.
{¶ 20} And while this court has been divided in the past as to whether a suspect's delay in obeying an officer's command to submit to aTerry stop constitutes obstructing official business,[7] we hold that Lohaus's actions in fleeing across several lawns after being told to stop — and in forcing the investigating officer to physically restrain him — fell squarely within the statute's proscriptions. The trial court was presented with sufficient evidence of Lohaus's guilt, and it did not lose its way in convicting him of the offense. The assignment of error is accordingly overruled, and the judgment of the trial court is affirmed.
{¶ 21} Judgment affirmed.
Gorman and Winkler, JJ., concur.
[1] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819.
[2] State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52,678 N.E.2d 541.
[3] Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868; State v. Williams
(1990), 51 Ohio St.3d 58, 60-61, 554 N.E.2d 108.
[4] State v. Bobo (1988), 37 Ohio St.3d 177, 524 N.E.2d 489, paragraph one of the syllabus.
[5] Lohaus was in fact nineteen years old at the time of the incident, but the trial court explicitly found that he appeared to be as young as fifteen.
[6] (Mar. 27, 1998), 4th Dist. No. 97CA0935.
[7] See, e.g., State v. Davis (2000), 140 Ohio App.3d 751,749 N.E.2d 322.